# CIVIL COVER SHEET

The JS44 civil cover sheet and the information contained herein neither replace neither replace nor supplement the filing and service of pleadings as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September, 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF FORM.)

**I. (a) PLAINTIFFS**
Alicia Metcalf, Executrix of the Estate of
Donald Roy Hebbe, Deceased
521 Centennial Avenue
Gilbertsville, PA 17401

**DEFENDANTS**
Burlington Coat Factory Warehouse Corporation
and Burlington Stores, Inc.
1830 Route 130 North
Burlington, NJ 08016

**(b)** County of Resident of First Listed Plaintiff York County, PA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Burlington County, New Jersey
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME AND TELEPHONE NUMBER)
Jeffrey M. Rosenbaum, Esquire
Christopher R. Durso, Esquire
Rosenbaum & Associates, P.C.
1818 Market Street, Suite 3200
Philadelphia, PA 19103

ATTORNEYS IF KNOWN:
George M. Vinci, Jr., Esquire
John T. Asher, III, Esquire
**Spector Gadon Rosen Vinci P.C.**
1635 Market Street, 7th Floor
Philadelphia, PA 19103
(215) 241-8847

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One box for Plaintiff and one Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign County | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☒ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury-- Med. Malpractice
- ☐ 365 Personal Injury-- Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Tiitle XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff) or Defendant
- ☐ 871 IRS--Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Services
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Liitigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**Action is removable pursuant to 28 U.S.C. §§1441**

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY (See instructions): None

JUDGE DOCKET NUMBER

DATE
**December 1, 2023**

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
Receipt #__________ Amount __________ Applying IFP__________ Judge__________ Mag. Judge__________

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ALICIA METCALF, Executrix of the Estate of DONALD ROY HEBBE, DECEASED,

Plaintiff,

v.

BURLINGTON; BURLINGTON STORES, INC.; BURLINGTON POTTSTOWN #1149; UNITED HAMPSHIRE US REIT; AC MOORE UPLAND SQUARE; UPLAND SQUARE; MCB REAL ESTATE, LLC and JOHN DOES I – III (FICTITIOUS NAMES),

Defendants.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus -- Cases brought under 28 U.SC. §2241 through §2255. ( )

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2 ( )

(d) Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense

management by the court. (See revise side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management -- Cases that does not fall into any one of the other tracks. ( X )

Date December 1, 2023

George M. Vinci, Jr., Esquire
John T. Asher, III, Esquire
Spector Gadon Rosen Vinci P.C.
1635 Market Street, 7th Floor
Philadelphia, PA 19107
(215) 241-8847

Attorneys for defendants Burlington Coat Factory Warehouse Corporation and Burlington Stores, Inc.

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA -- DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 521 Centennial Avenue, Gilbertsville, PA 19525

Address of Defendant: 1830 Route 130 North, Burlington, NJ 08016

Place of Accident, Incident or Transaction: 140 Upland Square Drive, Pottstown, Pennsylvania 19464

*(Use Reverse Side for Additional Space)*

Does this case have multidistrict litigation possibilities? Yes ☐ No ☒

*RELATED CASE IF ANY*

Case Number: Judge Date Terminated

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court: Yes ☐ No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes ☐ No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court? Yes ☐ No ☒

CIVIL: (Place :in *ONE CATEGORY ONLY)*

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability - Asbestos
9. ☒ All other Diversity Cases (Please specify)

Premises Liability

ARBITRATION CERTIFICATION
(*Check appropriate Category*)

I,_____________________________, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 8, Section 4(a)(2), that, to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 exclusive of interest and cost;

☐ Relief other than monetary damages is sought.

Date: ____________________ ____________________
*Attorney at Law*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

Date: December 1, 2023 ____________________
*Attorney at Law*

*2132655-1*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALICIA METCALF, Executrix of the Estate of DONALD ROY HEBBE, DECEASED, | : |
| Plaintiff, | : |
| v. | : |
| BURLINGTON; BURLINGTON STORES, INC.; BURLINGTON POTTSTOWN #1149; UNITED HAMPSHIRE US REIT; AC MOORE UPLAND SQUARE; UPLAND SQUARE; MCB REAL ESTATE, LLC and JOHN DOES I – III (FICTITIOUS NAMES), | : |
| Defendants. | : |

**NOTICE OF REMOVAL OF DEFENDANTS BURLINGTON COAT FACTORY WAREHOUSE CORPORATION AND BURLINGTON STORES, INC.**

Defendants, Burlington Coat Factory Warehouse Corporation, incorrectly identified as "Burlington" and "Burlington Pottstown #1149" ("Burlington") and Burlington Stores, Inc. ("Burlington Stores")(collectively, with Burlington, the "Removing Defendants") by and through their counsel, George M. Vinci, Jr., Esquire, John T. Asher, III, Esquire and the law firm of Spector, Gadon Rosen Vinci P.C., remove this action from the Court of Common Pleas of Philadelphia, docketed in the October Term, 2023, No. 02951 (the "State Court Action") to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1441, and in support thereof avers as follows:

1. Plaintiff, Alicia Metcalf, Administratrix of the Estate of Donald Roy Hebbe, Deceased ("Plaintiff") commenced the State Court Action by complaint (the "Complaint") on October 27, 2023. See Plaintiff's Complaint, a true and correct copy of which is attached hereto as Exhibit "A."

2. In her Complaint, Plaintiff alleges that Donald Roy Hebbe ("Decedent") was patronizing the premises identified in Plaintiff's Complaint as "Burlington" at 140 Upland Square Drive, Pottstown, Pennsylvania (the "Burlington Store") on August 15, 2023 when he was caused to trip, slip, stumble and/or fall due to a dangerous and defective condition of the carpet at the Burlington Store (the "Alleged Accident"). Id. at ¶¶ 16 – 17.

3. As a result of the alleged Accident, Plaintiff alleges the Decedent suffered fatal injuries and thereafter expired on August 19, 2023. Id. at 26, 2.

4. Plaintiff was issued Letters Testamentary by the Berks County Register of Wills on September 11, 2023, and brought the State Court Action on behalf of the Estate of Decedent under the Pennsylvania Survival Statute, 42 Pa. C. S. A. Section 8302, seeking all damages recoverable thereunder. Id. at 24 – 30.

5. In her Complaint, Plaintiff has brought claims against Removing Defendants, as well as defendants United Hampshire US REIT ("UH"), AC Moore Upland Square ("AC Moore"), Upland Square ("Upland Square"), MCB Real Estate, LLC ("MCB") and fictious defendants identified as John Does I – III. Id.

6. Plaintiff has set forth three claims in her Complaint, a claim for negligence against all defendants in Count I; a claim under the Survival Act against all defendants in Count II; and a claim under the Wrongful Death Act in Count III against all defendants. Id.

7. Removing Defendants believe that this action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and it is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441.

8. No further proceedings have taken place in the State Court Action.

9. Plaintiff, as alleged in the Complaint is a resident of the Commonwealth of

Pennsylvania, with an address of 521 Centennial Avenue, Gilbertsville, Pennsylvania, Pennsylvania. See Exhibit "A" at ¶1.

10. Based on information obtained by Burlington from a public records search, Burlington has learned that Plaintiff owns her home at 521 Centennial Avenue in Gilbertsville, Pennsylvania with her husband Brandon Metcalf, which they purchased in 2012; and that Plaintiff has a Social Security Number which was issued in Pennsylvania between 1981 – 1983.

11. Based on information obtained by Burlington, it appears that Plaintiff has resided continuously in the Commonwealth of Pennsylvania since approximately 2012, has made it her domicile, and as such is a citizen of the Commonwealth of Pennsylvania. McCann v. Newman Irrevocable Trust, 458 F.3d 281, 286 (3d Cir. 2006).

12. Defendant Burlington Coat Factory Warehouse Corporation is a Florida Corporation with its principal place of business located at 1830 Route 130 North, Burlington, New Jersey 08016.

13. Defendant Burlington Stores, Inc. is a Delaware Corporation with its principal place of business located at 1830 Route 130 North, Burlington, New Jersey 08016.

14. Defendant Burlington is a fictious name registered with the Commonwealth of Pennsylvania, whose owners are identified as Burlington Coat Factory of Pennsylvania, LLC and Burlington Coat Factory Warehouse of Cheltenham, Inc., neither of which exist any longer as active business entities in the Commonwealth of Pennsylvania and both of which were merged into Burlington Coat Factory Warehouse Corporation. In the case of Burlington Coat Factory of Pennsylvania, LLC, it was merged into Burlington Coat Factory Warehouse Corporation on December 31, 2016. Burlington Coat Factory Warehouse of Jenkintown, Inc. was merged into Burlington Coat Factory Warehouse of Pennsylvania, LLC on March 16, 2006.

15. Since Burlington's owner, Burlington Coat Factory of Pennsylvania, LLC was merged into Burlington Coat Factory Warehouse Corporation, the fictious name Burlington Coat Factory is owned by Burlington Coat Factory Warehouse Corporation.

16. The entity identified in Plaintiff's Complaint as "Burlington Pottstown #1149," does not exist and is not a registered corporate entity with the Pennsylvania Department of State. The Burlington Store where the Alleged Accident occurred is operated by Burlington, and is identified as Store No. 1149, and is located in the Upland Square Shopping Center in Pottstown, Pennsylvania.

17. The property where the Alleged Accident occurred, which Plaintiff specifically identifies as "Burlington, 140 Upland Square Drive, Pottstown, Pennsylvania," is a Burlington Store operated by Burlington pursuant to the terms of lease that is in effect between Burlington Coat Factory Warehouse Corporation and UH (the "Lease").

18. Pursuant to the terms of the Lease, Burlington in responsible for the operation of the Burlington Store.

19. MCB is the property manager for the Upland Square Shopping Center, where the Burlington Store is located.

20. MCB was served with the Complaint by Certified Mail on November 3, 2023.

21. MCB is a Maryland Limited Liability Company, with a principal office located at 2002 Clipper Park Road, Suite 105, Baltimore, MD 21211.

22. Defendants UH, AC Moore, and Upland Square have not yet been served.

23. Since the Alleged Accident occurred in the Burlington Store, which is the responsibility of Burlington under the Lease, MCB, UH, AC Moore and Upland Square are not properly defendants in this matter because there is no basis in fact or colorable ground

supporting Plaintiff's claims against MCB, UH, AC Moore and Upland Square, and as such they have been fraudulently joined by Plaintiff to defeat diversity.

24. As a result, the citizenship of MCB, UH, AC Moore and Upland Square must not be considered by this Court, and their citizenship cannot defeat removal. Reeser v. NGK Metals Corp., 247 F. Supp. 2d 626, 629 (Ed. Pa. 2006), citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97, 42 S. Ct. 35, 66 L.Ed. 144 (1921)("The presence of a party fraudulently joined cannot defeat removal.").

25. Defendants UH, AC Moore and Upland Square have not been served, and their citizenship may be disregarded for that reason as well.

26. Since MCB has been fraudulently joined, its consent is not necessary and the lack of consent of MCB to removal may be ignored by this Court. In re: Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Products Liability Litigation, 22 F. Supp. 2d 414, 422 (Ed. Pa. 2002).

27. Since the Plaintiff is a resident and citizen of Pennsylvania, and Defendant Burlington Coat Factory Warehouse Corporation is a citizen of Florida and New Jersey and Defendant Burlington Stores, Inc. is a citizen of Delaware and New Jersey, there is diversity of citizenship between Plaintiff and Removing Defendants

28. Moreover, due to Plaintiff's allegations that Decedent suffered fatal injuries and expired as a result of the Alleged Accident, Exhibit "A," at ¶¶ 2, 21, Removing Defendants can reasonably conclude that the amount in controversy in this matter exceeds the sum of $75,000.00, exclusive of interest and costs.

29. Since the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and there is diversity of citizenship between Plaintiff and Removing

Defendants, this matter is removable pursuant to 28 U.S.C. §1441(b).

30. This Notice of Removal is timely under 28 U.S.C. § 1446 since it is being filed within thirty days after receipt by Removing Defendants of the complaint by personal service on November 10, 2023.

31. Removing Defendants have simultaneously with the filing of this notice, given written notice to counsel for Plaintiff of the removal of this action.

32. Removing Defendants have filed a copy of this Notice of Removal, with all attachments, in the Court of Common Pleas of Philadelphia.

WHEREFORE, defendants Burlington Coat Factory Warehouse Corporation and Burlington Stores, Inc. respectfully request that the above titled action now pending in the Court of Common Pleas of Philadelphia be removed to the United States District Court for the Eastern District of Pennsylvania.

**SPECTOR GADON ROSEN VINCI P.C.**

**GEORGE M. VINCI, JR., ESQUIRE**
**JOHN T. ASHER, III, ESQUIRE**
**7th Floor, 1635 Market Street**
**Philadelphia, PA 19103**
**(215) 241-8888**

**ATTORNEYS FOR DEFENDANTS BURLINGTON COAT FACTORY WAREHOUSE CORPORATION AND BURLINGTON STORES, INC.**

Dated: December 1, 2023

# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)
**OCTOBER 2023** **02951**
E-Filing Number: 2310058411

| | |
|---|---|
| PLAINTIFF'S NAME<br>ALICIA METCALF, ALIAS: EXECUTRIX OF THE ESTATE OF DONALD ROY HEBBE, DECEASED | DEFENDANT'S NAME<br>BURTLINGTON |
| PLAINTIFF'S ADDRESS<br>521 CENTENNIAL AVENUE<br>GILBERTSVILLE PA 19525 | DEFENDANT'S ADDRESS<br>140 UPLAND SQUARE DRIVE<br>POTTSTOWN PA 19464 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>BURLINGTON STORES, INC. |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>140 UPLAND SQUARE DRIVE<br>POTTSTOWN PA 19464 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>BURLINGTON POTTSTOWN #1149 |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>140 UPLAND SQUARE DRIVE<br>POTTSTOWN PA 19464 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 8 | [X] Complaint ☐ Petition Action ☐ Notice of Appeal<br>☐ Writ of Summons ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS |
|---|---|
| ☐ $50,000.00 or less<br>[X] More than $50,000.00 | ☐ Arbitration ☐ Mass Tort ☐ Commerce ☐ Settlement<br>☐ Jury ☐ Savings Action ☐ Minor Court Appeal ☐ Minors<br>[X] Non-Jury ☐ Petition ☐ Statutory Appeals ☐ W/D/Survival<br>☐ Other: |

CASE TYPE AND CODE
2S - PREMISES LIABILITY, SLIP/FALL

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

FILED
PRO PROTHY
OCT 27 2023
C. SMITH

IS CASE SUBJECT TO COORDINATION ORDER?
YES NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: ALICIA METCALF

Papers may be served at the address set forth below.

| | |
|---|---|
| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>JEFFREY M. ROSENBAUM | ADDRESS<br>1818 MARKET STREET<br>SUITE 3200<br>PHILADELPHIA PA 19103 |
| PHONE NUMBER (215)569-0200 / FAX NUMBER (215)569-6099 | |
| SUPREME COURT IDENTIFICATION NO.<br>51719 | E-MAIL ADDRESS<br>filings@rosenbaumfirm.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>*JEFFREY ROSENBAUM* | DATE SUBMITTED<br>Friday, October 27, 2023, 09:12 am |

FINAL COPY (Approved by the Prothonotary Clerk)

**COMPLETE LIST OF DEFENDANTS:**

1. BURTLINGTON
   140 UPLAND SQUARE DRIVE
   POTTSTOWN PA 19464
2. BURLINGTON STORES, INC.
   140 UPLAND SQUARE DRIVE
   POTTSTOWN PA 19464
3. BURLINGTON POTTSTOWN #1149
   140 UPLAND SQUARE DRIVE
   POTTSTOWN PA 19464
4. UNITED HAMPSHIRE US REIT
   321 UPLAND SQUARE DRIVE
   POTTSTOWN PA 19464
5. AC MOORE UPLAND SQUARE
   160 UPLAND SQUARE DRIVE
   POTTSTOWN PA 19464
6. UPLAND SQUARE
   180 UPLAND SQUARE DRIVE
   POTTSTOWN PA 19464
7. MCB REAL ESTATE, LLC
   2002 CLIPPER PARK ROAD SUITE 105
   BALTIMORE MD 21211
8. JOHN DOES I-III
   ALIAS: (FICTITIOUS NAME)
   140 UPLAND SQUARE DRIVE
   POTTSTOWN PA 19464

ROSENBAUM & ASSOCIATES, P.C.
By: JEFFREY M. ROSENBAUM, ESQ. – ID #51719
1818 Market Street, Suite 3200
Philadelphia, PA 19103
(215) 569-0200

MAJOR NON-JURY
Hearing on Assessment
of Damages is Required

Attorney for Plaintiff

Filed and Attested by the
Office of Judicial Records
27 OCT 2023 09:12 am
C. SMITH

ALICIA METCALF, Executrix of the Estate of DONALD ROY HEBBE, DECEASED
521 Centennial Avenue
Gilbertsville, PA 19525

Plaintiff

vs.

BURLINGTON
140 Upland Square Drive
Pottstown, PA 19464
and
BURLINGTON STORES, INC.
140 Upland Square Drive
Pottstown, PA 19464
and
BURLINGTON POTTSTOWN # 1149
140 Upland Square Drive
Pottstown, PA 19464
and
UNITED HAMPSHIRE US REIT
321 Upland Square Drive
Pottstown, PA 19464
and
AC MOORE UPLAND SQUARE
160 Upland Square Drive
Pottstown, PA 19464
and
UPLAND SQUARE
180 Upland Square Drive
Pottstown, PA 19464
and
MCB REAL ESTATE, LLC
2002 Clipper Park Road, Suite 105
Baltimore, MD 21211
and
JOHN DOES I-III (FICTITIOUS NAMES)

Defendants

: COURT OF COMMON PLEAS
: PHILADELPHIA COUNTY
:
: TERM, 2023
:
: NO.

<u>2S-Premises Liability-Complaint in Civil Action</u>

NOTICE

YOU HAVE BEEN SUED IN COURT. IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THIS COMPLAINT AND NOTICE ARE SERVED BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. YOU ARE WARNED THAT IF YOU FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED IN THE COMPLAINT OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE PLAINTIFF. YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU. YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION, Lawyer Referral & Information Service
1101 Market Street, 11th Floor, Philadelphia, Pennsylvania 19107, Telephone (215) 238-6333

AVISO

LE HAN DEMANDADO A USTED EN LA CORTE. SI USTED QUIERE DEFENDERSE DE ESTAS DEMANDAS EXPUESTAS EN IAS PAGINAS SIGUIENTES, USTED TIENE VIENTE (20) DIAS DE PLAZO AL PARTIR DE LA FECHA DE LA DEMANDA Y LA NOTIFICACION. HACE FALTA ASENTAR UNA COMPARENCIA ESCRITA O EN PERSONA O CON UN ABOGADO Y ENTREGAR A LA CORE EN FORMA ESCRITA SUS DEFENSAS O SUS OBJECIONES A LAS DEMANDAS EN CONTRA DE SU PERSONA. SEA AVISADO QUE SI USTED NO SE DEFIENDE, LA CORTE TOMARA MEDIDAS Y PUEDE CONTINUAR LA DEMANDA EN CONTRA SUYA SIN PREVIO AVISO O NOTIFICACION. ADEMAS, LA CORTE PUEDE DECIDIR A FAVOR DEL DEMANDANTE Y REQUIERE QUE USTED CUMPLA CON TODAS LAS PROVISIONES DE ESTA DEMANDA. USTED PUEDE PERDER DINERO O SUS PROPIEDADES U OTROS DERECHOS IMPORTANTES PARA USTED. LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

SERVICIO DE REFERENCIA E INFORMACION LEGAL

PHILADELPHIA BAR ASSOCIATION, Lawyer Referral & Information Service
1101 Market Street, 11th Floor, Philadelphia, Pennsylvania 19107, Telephone (215) 238-6333

ROSENBAUM & ASSOCIATES, P.C.
By: JEFFREY M. ROSENBAUM, ESQ. – ID #51719
1818 Market Street, Suite 3200
Philadelphia, PA 19103
(215) 569-0200

MAJOR NON-JURY
Hearing on Assessment
of Damages is Required

Attorney for Plaintiff

| | |
|---|---|
| ALICIA METCALF, Executrix of the Estate<br>of DONALD ROY HEBBE, DECEASED<br>521 Centennial Avenue<br>Gilbertsville, PA 19525<br><br>Plaintiff<br>vs.<br><br>BURLINGTON<br>140 Upland Square Drive<br>Pottstown, PA 19464<br>and<br>BURLINGTON STORES, INC.<br>140 Upland Square Drive<br>Pottstown, PA 19464<br>and<br>BURLINGTON POTTSTOWN # 1149<br>140 Upland Square Drive<br>Pottstown, PA 19464<br>and<br>UNITED HAMPSHIRE US REIT<br>321 Upland Square Drive<br>Pottstown, PA 19464<br>and<br>AC MOORE UPLAND SQUARE<br>160 Upland Square Drive<br>Pottstown, PA 19464<br>and<br>UPLAND SQUARE<br>180 Upland Square Drive<br>Pottstown, PA 19464<br>and<br>MCB REAL ESTATE, LLC<br>2002 Clipper Park Road, Suite 105<br>Baltimore, MD 21211<br>and<br>JOHN DOES I-III (FICTITIOUS NAMES)<br>Defendants | : COURT OF COMMON PLEAS<br>: PHILADELPHIA COUNTY<br>:<br>: TERM, 2023<br>:<br>: NO. |

<u>2S-Premises Liability-Complaint in Civil Action</u>

Case ID: 231002951

1. The plaintiff, Alicia Metcalf, Executrix of the Estate of Donald Roy Hebbe, is an adult individual and daughter of the decedent, Donald Roy Hebbe, residing at the above address.
2. Decedent, Donald Roy Hebbe, died on August 19, 2023.
3. Plaintiff, Alicia Metcalf, was issued Letters Testamentary by the Commonwealth of Pennsylvania, Berks County Register of Wills, on September 11, 2023, qualifying her as Executrix of the Estate of Donald Roy Hebbe.
4. The defendant, Burlington, is a corporation, limited liability company, partnership or fictitious name of an individual or individuals, with a place of business located at the above-captioned address.
5. The defendant, Burlington Stores, Inc., is a corporation, limited liability company, partnership or fictitious name of an individual or individuals, with a place of business located at the above-captioned address.
6. The defendant, Burlington Pottstown #1149, is a corporation, limited liability company, partnership or fictitious name of an individual or individuals, with a place of business located at the above-captioned address.
7. The defendant, United Hampshire US REIT, is a corporation, limited liability company, partnership or fictitious name of an individual or individuals, with a place of business located at the above-captioned address.
8. The defendant, AC Moore Upland Square, is a corporation, limited liability company, partnership or fictitious name of an individual or individuals, with a place of business located at the above-captioned address.

9. The defendant, Upland Square, is a corporation, limited liability company, partnership or fictitious name of an individual or individuals, with a place of business located at the above-captioned address.

10. The defendant, MCB Real Estate, LLC, is a corporation, limited liability company, partnership or fictitious name of an individual or individuals, with a place of business located at the above-captioned address.

11. The defendants, John Does I-III (fictitious names), are individuals, corporations and/or other entities whose identities, after reasonable investigation, are currently unknown, but at all times relevant hereto owned, operated and controlled the premises and had the duty to maintain the premises, floor and carpet at Burlington, 140 Upland Square Drive, Pottstown, Pennsylvania.

12. At all times relevant hereto, defendants were acting through their agents, servants and/or employees within the course and scope of their employment, and the doctrine of Respondeat Superior is invoked herein.

13. At all times relevant hereto, all defendants were acting as the agents, servants, workmen and/or employees of all other named defendants.

14. All defendants regularly and systematically conduct business in Philadelphia County, Pennsylvania.

15. At all times relevant hereto, defendants had under their care, direction, supervision, control and maintenance the premises, floor and carpet at Burlington, 140 Upland Square Drive, Pottstown, Pennsylvania, and it was the defendants' duty to keep and maintain said premises, floor and carpet in a reasonably safe condition.

16. On or about the 15th day of August, 2023, a dangerous, negligent and/or defective condition existed on the premises as aforesaid and defendants knew or should have known of the existence of same.

17. On the aforesaid date, the decedent, Donald Roy Hebbe, lawfully was at the said premises when by reason of the negligence of the defendants, the decedent was caused to trip, slip, stumble and/or fall a due to the dangerous and defective condition of the carpet on the said premises.

18. The defendants knew or should have known of the existence of the hazardous and dangerous condition on the aforesaid premises.

19. The carelessness and/or negligence of the defendants consisted of the following:

a. Failing to maintain said premises, floor and carpet in a safe and reasonable condition for persons such as the plaintiff using said premises;

b. Failing to reasonably inspect said premises, floor and carpet to ascertain the existence of the negligent condition when defendants knew or should have known of the existence of said negligent condition;

c. Failing to warn persons on the premises of the negligent and/or defective condition;

d. Failing to promptly and carefully post warning signs, install barricades and/or post notices to warn individuals such as plaintiff of the defective condition;

e. Failing to properly and adequately repair said premises, floor and carpet;

f. Negligently allowing said defect to remain on said premises and floor and carpet;

g. Failing to properly supervise persons maintaining defendants' premises, floor and carpet; and,

h. Failing to respond to requests to remedy said defective condition.

**COUNT I-NEGLIGENCE**

**PLAINTIFF, ALICIA METCALF, EXECUTRIX OF THE ESTATE OF DONALD ROY HEBBE, vs. ALL DEFENDANTS**

20. The plaintiff, Alicia Metcalf, Executrix of the Estate of Donald Roy Hebbe, hereby incorporates by reference herein the allegations contained in the preceding paragraphs of this Complaint as though same were fully set forth at length herein.

21. Solely because of the negligence of the defendants acting as aforesaid, plaintiff's decedent was fatally injured and died on August 19, 2023.

22. As a result of the defendants' negligence as described above, plaintiff, Alicia Metcalf, Executrix of the Estate of Donald Roy Hebbe, seeks to recover all damages allowable by law.

23. As a result of the defendants' negligence as described above, plaintiff, Alicia Metcalf, as executrix of decedent's estate, seeks all damages recoverable under the Pennsylvania Wrongful Death Act and Pennsylvania Survival Act on behalf of decedent's estate and on behalf of decedent's survivors.

**WHEREFORE,** plaintiff, Alicia Metcalf, Executrix of the Estate of Donald Roy Hebbe, demands judgement against defendants, Burlington, Burlington Stores, Inc., Burlington Pottstown #1149, United Hampshire US REIT, AC Moore Upland Square, Upland Square, MCB Real Estate, LLC and John Does I-III (fictitious names), in a sum in excess of the arbitration limits and in excess of the Federal Court jurisdictional limits for cases based on diversity jurisdiction.

**COUNT II-SURVIVAL CLAIM**

**PLAINTIFF, ALICIA METCALF, EXECUTRIX OF THE ESTATE OF DONALD ROY HEBBE, vs. ALL DEFENDANTS**

24. The plaintiff, Alicia Metcalf, Executrix of the Estate of Donald Roy Hebbe, hereby incorporates by reference herein the allegations contained in the preceding paragraphs of this Complaint as though same were fully set forth at length herein.

25. Plaintiff, Alicia Metcalf, Executrix of the Estate of Donald Roy Hebbe, deceased, bring this action on behalf of the Estate of Donald Roy Hebbe, deceased, under and by the virtue of the Pennsylvania Survival Statute, 42 Pa. C.S.A. Section 8302, in addition to all other damages encompassed by the aforementioned Act.

26. As a result of this accident, decedent, Donald Roy Hebbe, suffered fatal injuries and suffered untold physical pain and mental suffering and thereafter expired.

27. As a result of the injuries and ultimate death of Donald Roy Hebbe, the decedent was unable to attend to his usual duties and occupations all to the great financial detriment and loss of the Estate.

28. As a result of the death of Donald Roy Hebbe, his estate has been deprived of the economic value of decedent attending to his usual duties and occupations during the period of his life expectancy subsequent to his death, and plaintiff, Alicia Metcalf, Executrix of the Estate of Donald Roy Hebbe, deceased, seeks damages for the pecuniary loss sustained by the estate as a result of decedent's demise.

29. As a further result of the injuries incurred by decedent during his lifetime, his estate was deprived of the sums of money for hospital and medical attention that decedent, in his lifetime, was obligated to expend as a result of his said injuries.

30. Plaintiff claims all damages for which he is entitled to under and by virtue of the Pennsylvania Survival Statute, 42 Pa. C.S.A. Section 8302.

**WHEREFORE,** plaintiff, Alicia Metcalf, Executrix of the Estate of Donald Roy Hebbe, demands judgement against defendants, Burlington, Burlington Stores, Inc., Burlington Pottstown #1149, United Hampshire US REIT, AC Moore Upland Square, Upland Square, MCB Real Estate, LLC and John Does I-III (fictitious names), in a sum in excess of the arbitration limits and in excess of the Federal Court jurisdictional limits for cases based on diversity jurisdiction.

**COUNT III-WRONGFUL DEATH CLAIM**

**PLAINTIFF, ALICIA METCALF, EXECUTRIX OF THE ESTATE OF DONALD ROY HEBBE, vs. ALL DEFENDANTS**

31. The plaintiff, Alicia Metcalf, Executrix of the Estate of Donald Roy Hebbe, hereby incorporates by reference herein the allegations contained in the preceding paragraphs of this Complaint as though same were fully set forth at length herein.

32. Plaintiff, Alicia Metcalf, Executrix of the Estate of Donald Roy Hebbe, deceased, brings this action on behalf of the survivors of the decedent entitled to recover under and by virtue of the Pennsylvania Wrongful Death Act, 42 Pa. C.S.A. Section 8301.

33. By reason of the said incident and subsequent death of Donald Roy Hebbe, a pecuniary loss has been suffered along with other losses for which the law permits recovery to the aforesaid survivors.

34. By reason of said accident and subsequent death of Donald Roy Hebbe, a loss has been suffered, including, but not limited to hospital and funeral expenses as well as expenses of administration, for which the law permits recovery to the aforesaid survivors.

35. As a result of the death of Donald Roy Hebbe, the aforesaid survivors of the deceased have been deprived of the earnings, maintenance, guidance, tutelage, support, comfort, companionship and society that they would have received from the deceased.

36. Plaintiff claims all damages for which she is entitled to under and by virtue of the Pennsylvania Wrongful Death Act, 42 Pa. C.S.A. Section 8301.

**WHEREFORE,** plaintiff, Alicia Metcalf, Executrix of the Estate of Donald Roy Hebbe, demands judgement against defendants, Burlington, Burlington Stores, Inc., Burlington Pottstown #1149, United Hampshire US REIT, AC Moore Upland Square, Upland Square, MCB Real Estate, LLC and John Does I-III (fictitious names), in a sum in excess of the arbitration limits and in excess of the Federal Court jurisdictional limits for cases based on diversity jurisdiction.

ROSENBAUM AND ASSOCIATES, P.C.

By: ______________________________
JEFFREY M. ROSENBAUM, ESQ.
Attorney for Plaintiff

DATE:

## VERIFICATION

Jeffrey M. Rosenbaum, Esquire, states that he is the attorney for the Plaintiff herein, that he is acquainted with the facts set forth in the foregoing Complaint in Civil Action and that the same are true and correct to the best of his knowledge, information and belief; and that this statement is made subject to the penalties of 18 Pa.C.S. §4904 relating to unsworn falsification to authorities.

JEFFREY M. ROSENBAUM, ESQ.

DATE:______